In the Matter of Larry David DURHAM Kathy M. Durham, Debtor.

George W. LEDFORD Chapter 13, Trustee, Plaintiff,

v.

AVCO FINANCE, Defendant.

Bankruptcy No. 3–84–02525.
Adv. No. 3–85–0006.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 26, 1985.

**146**

George W. Ledford, Englewood, Ohio, trustee.

R.L. Cousineau, Dayton, Ohio, for defendant.

DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case arising under 28 U.S.C. § 1334(a) and having been referred to this court is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F). This matter is before the court on defendant's motion to dismiss, plaintiff's memorandum contra defendant's motion to dismiss, plaintiff's motion for summary judgment, defendant's memorandum contra plaintiff's motion for summary judgment, and plaintiff's supplemental memorandum contra defendant's motion to dismiss and in support of his motion for summary judgment.

Plaintiff's complaint alleges that a preference, as defined in 11 U.S.C. § 547(b), was granted to defendant-creditor, Avco Finance, by the debtors, Larry David Durham and Kathy M. Durham. No facts were asserted in the complaint itself setting forth the grounds on which the alleged preference supposedly arose. The plaintiff merely attached as exhibits copies of a proof of claim filed by the defendant, copies of two Ohio Certificates of Title with defendant's liens noted thereon, a copy of the debtors' promissory note to defendant, and a copy of a disclosure statement.

In response to plaintiff's complaint, the defendant filed a motion to dismiss under Bankr.R. 7012 and Fed.R.Civ.P. 12(b)(6) on the ground that the plaintiff had failed to "state a claim upon which relief can be granted." No memoranda or affidavits were filed in support of this motion.

■ The first issue to be addressed, therefore, is whether the defendant has met his burden of proving that no claim for relief has been stated by plaintiff. 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.07 [2.–5] at 12–63 (2d ed. 1985). The court finds defendant did not meet this burden.

Fed.R.Civ.P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The general rule is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Westlake v. Lucas,* 537 F.2d 857, 858–59 (6th Cir.1976); *Davis H. Elliot Co. Inc. v. Caribbean Utilities Co., Ltd.,* 513 F.2d 1176, 1182 (6th Cir.1975); *Omaha National Bank v. T & T Parts Warehouse, Inc. (In re T & T Parts Warehouse, Inc.),* 39 B.R. 399 (Bankr.W.D. Mi.1984) [hereinafter *In re T & T Parts* ]. The rationale behind the general rule derives from the finality of sustaining such a motion. Because dismissal of an action constitutes a judgment on the merits and is accorded preclusive effect, the courts generally disfavor granting a motion to dismiss. J. Moore, *supra.*

While the plaintiff in the instant case could have filed a pleading which better connected the attached documents to the proposition he sought to argue, still he is not required to explain in detail his entire claim. *Westlake* at 858; *In re T & T Parts* at 400. All the plaintiff is required to do by his pleading is give fair notice to his opponent of what his claim is and the grounds on which it rests. *Conley,* 355 U.S. at 47, 78 S.Ct. at 102. Here, the plaintiff clearly gave the defendant-creditor fair notice of his claim against him. He identified the section of law as 11 U.S.C. § 547(b) which sets forth the nature of the

claim—that the creditor received preferential treatment—, and the relief sought—avoidance of the defendant-creditor's security interest as a secured claim. The plaintiff also submitted supporting documents identifying the transaction in question and the relationship between the parties. Consequently, since the defendant-creditor was at a minimum put on notice of the claim against him, his motion to dismiss on the ground that the plaintiff has stated no claim for relief is hereby DENIED.

■ In his motion contra to plaintiff's motion for summary judgment, however, the defendant raises an issue that would ordinarily warrant issuing an order of dismissal—*i.e.*, that plaintiff as Chapter 13 Trustee had no standing to avoid a preference under 11 U.S.C. § 547(b). J. Moore, *supra* ¶ 12.07 [2.–5] at 12–68. This court has previously ruled that a Chapter 13 Trustee has standing to bring a preference action under § 547(b). *Ledford v. Roth Realty, Inc. (In re Lonsbury)* Case No. 3–83–00199; Adversary No. 3–83–0242 (Bankr.S.D.Oh. Aug. 1, 1983) (copy attached). Consequently, we find this claim of the defendant to be without merit.

Also pending in this action is plaintiff's motion for summary judgment, brought pursuant to Bankr.R. 7056 and Fed.R. Civ.P. 56 on the grounds that the pleadings demonstrated no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law, to which defendant has submitted a memorandum in opposition.

Plaintiff asserts that plaintiff-trustee has set forth a prima facie case of a preference under 11 U.S.C. § 547(b),[1] and that the defendant-creditor does not meet the exception set forth in 11 U.S.C. § 547(c)(3)(B) which states:

(c) The trustee may not avoid under this section a transfer—

. . . .

(3) That creates a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 10 days after the debtor receives *possession* of such property; (emphasis added).

■ The crucial factual issue over which the parties disagree is whether perfection of defendant-creditor's purchase money security interest in the debtors' two automobiles was timely. Plaintiff argues that it was not timely perfected because the note covered a loan to the debtors of $3,706.13 which was dated September 12, 1984, and was not perfected by notation on the two Certificates of Title until October 4, 1984, thus evidencing that the security interest was not for new value but for an account of an antecedent debt. The defendant, on the other hand, contends that the 1977 Chevrolet could not have been purchased without the creditor's loan to the debtors, and that the security interest was not granted for an antecedent debt because the

1. 11 U.S.C. § 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

proof of claim shows that the 1977 Chevrolet was acquired by the debtor, Larry D. Durham, on October 4, 1984, the same date the lien was filed. The defendant did not address the issue of when title to the 1953 Chevrolet was perfected. Neither party, however, has addressed the factual starting point for determining perfection that is required by the statute, and that is: When did the debtors receive *possession* of the automobiles in question?

This court cannot determine a motion for summary judgment when factual issues necessary to a determination of such a motion are in dispute or not presented to the court. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). Because summary judgment "operates to deny a litigant his day in court," *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979), the movant bears the burden of proving *"conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." (emphasis in original; citations omitted). *Id.* at 63. *See also* C.A. Wright, A.R. Miller and M.K. Kane, 10 *Federal Practice and Procedure* (Civil) § 2712 (1983). Since the date the debtors acquired possession of the collateral is still a material fact in issue, this court finds that the plaintiff has not met his burden of proof. Accordingly, plaintiff's motion for summary judgment is hereby DENIED at this time.

Plaintiff's motion for summary judgment and defendant's motion to dismiss, having been denied, IT IS FURTHER ORDERED THAT defendant SERVE upon plaintiff-trustee an ANSWER to his complaint within 10 days after entry of this court's judgment herein, and to file the ANSWER with the court not later than the second business day thereafter. IF DEFENDANT FAILS TO DO SO, JUDGMENT BY DEFAULT WILL BE ENTERED for the relief demanded in the Complaint.

APPENDIX

GEORGE W. LEDFORD, 9 West National Road, Englewood, Ohio 45322, Plaintiff

vs

ROTH REALTY, INC., 4501 North Main Street, Dayton, Ohio 45405, Defendant

IN THE MATTER OF WILLIAM T. LONSBURY, ERICA DAWN LONSBURY, DEBTORS

Adv. No. 3–83–0242.

Bankruptcy No. 3–83–00199.

DECISION AND ORDER

FINDINGS OF FACT

This matter is before the Court upon Motion to Dismiss filed by Defendant on 25 April 1983.

The instant Complaint, filed by the Chapter 13 Trustee on 7 April 1983, alleges that Defendant received from Debtors a preferential transfer as defined in 11 U.S.C. § 547(b). The Chapter 13 Trustee accordingly prays that "the Defendant be required to pay the Trustee all monies received by the Defendant as a result of the (alleged) transfer. . . ." Debtors are not named parties in the instant Complaint.

The instant Motion requests dismissal on the ground that the Chapter 13 Trustee "does not have the right or responsibility to proceed with the adversary complaint, and is, therefore, not a proper party to initiate (this proceeding)." Defendant argues that in the instant proceeding the Chapter 13 Trustee is essentially attempting "to collect and reduce to money the property of the estate" as "authorized" in 11 U.S.C. § 704(1). Defendant contends, however, that the specific exclusion of 11 U.S.C. § 704(1) from the Trustee's duties enumerated in 11 U.S.C. § 1302 renders a Chapter 13 Trustee without the "authority" to avoid preferential transfers and, therefore, "not a proper party to bring such proceeding." 11 U.S.C. § 1302(b)(1). Defendant does not

offer any case precedents to support this view.

The Court heard the matter on 4 May 1983, at which time the parties agreed to submit the matter on the record inclusive of any briefs if filed by 6 June 1983. To date, there have been no additional filings in the instant proceeding, and the Court, therefore, proceeds to decision exclusively upon the pleadings.

## DECISION AND ORDER

The *duties* of a Chapter 13 Trustee enumerated in 11 U.S.C. § 1302 and, by incorporation, § 704(2), (3), (4), (5), (6) and (8) are wholly separable and not intended to restrict the avoidance *powers* of a Chapter 13 Trustee. A listing of nondiscretionary responsibilities should not be interpreted to preclude exercise of discretionary powers which may or may not directly assist in the performance of those responsibilities.

The Chapter 13 Trustee "is the representative of the estate" and "has capacity to sue and be sued." 11 U.S.C. §§ 103(a) and 323. Furthermore, the Bankruptcy Code specifically provides that the Chapter 13 Trustee "may avoid" a transfer if preferential as defined in 11 U.S.C. § 547(b). 11 U.S.C. § 103(a).

IT IS THEREFORE ORDERED that the instant Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that Defendant SERVE upon George W. Ledford, Plaintiff's attorney, whose address is Box 67, Englewood, Ohio 45322, AN ANSWER to the instant Complaint ON OR BEFORE 20 DAYS FROM THE DATE OF SERVICE, AND TO FILE THE ANSWER WITH THIS COURT not later than the second business day thereafter. IF DEFENDANT FAILS TO DO SO, JUDGMENT BY DEFAULT WILL BE ENTERED for the relief demanded in the Complaint.

Entered at Dayton, Ohio in said District on the 1st day of August, 1983.

CHARLES A. ANDERSON
Bankruptcy Judge